# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**FILED**
2023 SEP 15 10:23 AM
**KING COUNTY**
**SUPERIOR COURT CLERK**
**E-FILED**
CASE #: 23-2-17644-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

TONNY STOREY, individually and on
behalf of all persons similarly situated,

No.

Plaintiff,

**CLASS ACTION COMPLAINT**

v.

AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC,

Defendant.

Plaintiff Tonny Storey ("Storey" or "Plaintiff"), by counsel, on behalf of himself and all others similarly situated, for his Class Action Complaint against Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively "Amazon" or "Defendants"), allege as follows:

## I.   NATURE OF CASE

1.1.   This proposed class action is brought by Plaintiff to remedy a systematic failure by Amazon to meet promised "Guaranteed Delivery" times and/or dates for products

CLASS ACTION COMPLAINT – 1

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1   purchased on Amazon's website.[1] Plaintiff and millions of other customers have elected to

2   pay Amazon additional shipping fees when purchasing products on the Amazon.com online

3   retail platform in response to Amazon's written offer, for a designated price, of a Guaranteed

4   Delivery of their purchases on or before a specific date or during a designated time period on

5

6   a specific date.

7       1.2.    Despite its promise of a "Guaranteed Delivery," Amazon sometimes fails to

8   deliver products by the date or time promised. Amazon acknowledges as much in its

9   "Guaranteed Delivery Terms and Conditions," which state that Amazon will refund a

10  customer's shipping fees if it fails to meet its promised delivery date or time. As Plaintiff

11  experienced, however, the promised refund is not always provided.

12

13      1.3.    Like millions of other customers on any given day, Plaintiff recently

14  purchased a product from Amazon. On the checkout page, Plaintiff was offered the option of

15  paying $2.99 for a guarantee to receive the product between 4:00 a.m. and 8:00 a.m. the

16  following day. Plaintiff accepted the offer and was charged the additional shipping fee. Later

17  that evening, Amazon's own tracking reports stated that "a carrier delay has occurred," and

18  indeed Plaintiff's purchase wasn't delivered until after the Guaranteed Delivery period the

19  next day.

20

21      1.4.    Even though Amazon acknowledged the delayed delivery, and promised a

22  refund, Plaintiff's shipping fees were never returned, either to his credit card account or to

23  his Amazon account. Amazon breached its promise to Plaintiff to deliver by the guaranteed

24

25

26  [1] The "Guaranteed Delivery" offered by Amazon and accepted by Plaintiff is defined below. *See, infra,* paragraph 16.

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

time, and breached its promise in its terms and conditions to issue a refund to Plaintiff when the Guaranteed Delivery was not provided.

1.5.     Amazon is the largest e-commerce market in the United States. It has more than 197 million monthly active users, and about 70% of American adults are Amazon Prime members. An estimated 31% of U.S. adults spend between $50 and $100 on Amazon.[2] And on average, Amazon makes more than 1.6 million deliveries per day, which is more than half a billion deliveries per year.[3] Even if only 1% of those shipments represent unmet guaranteed deliveries, at the low tier of $2.99, for which no refund was provided, nearly $15 million per year of shipping fees have been improperly retained by Amazon annually.

1.6.     Despite the size and reach of Amazon, its Guaranteed Delivery promise to customers is simple. Like any other company, it should be required to honor its contractual promises to customers. In this case, that means enforcing Amazon's broken delivery promises to paying customers with an award of damages, based on its own detailed records of transactions and deliveries. Plaintiff brings this action to obtain such relief for himself and for members of the Proposed Class defined below.

## II.     JURISDICTION AND VENUE

2.1.     This Court has subject matter jurisdiction over this action under RCW 2.08.010.

---

[2] https://www.zippia.com/advice/amazon-statistics/#:~:text=Amazon%20research%20summary.&text=The%20Amazon%20app%20has%20over,memb ers%20(148.6%20million%20people) (visited June 26, 2023).

[3] https://landingcube.com/amazon-statistics/#:~:text=How%20Many%20Orders%20Does%20Amazon,and%2018.5%20orders%20per%20secon d (visited June 26, 2023).

CLASS ACTION COMPLAINT – 3

2.2.     Venue is proper in King County under RCW 4.12.025 because during the Class Period Defendants resided and transacted business in King County, and a substantial part of the events or omissions giving rise to the claims occurred in King County.

2.3.     Venue is also proper in this Court based on Amazon's Conditions of Use,[4] which provides in part: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts."

## III.   PARTIES

3.1.     Plaintiff Tonny Storey is a citizen and resident of the State of Indiana and resides in Westfield, Indiana.

3.2.     Defendant Amazon.com, Inc. is a Delaware corporation registered in the State of Washington with a principal office located at 410 Terry Avenue North in Seattle, Washington.

3.3.     Amazon.com Services, LLC is a Delaware Limited Liability Company registered in the State of Washington with a principal office located at 410 Terry Avenue North in Seattle, Washington.

## IV.   FACTUAL ALLEGATIONS

### A.    Amazon's Contractual Terms with Customers

4.1.     Amazon's Conditions of Use are uniform contract terms that apply to all customers purchasing products on the Amazon online retail platform, including Plaintiff.

---

[4] *See,* https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM  (visited June 26, 2023) ("Conditions of Use").

CLASS ACTION COMPLAINT – 4

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

> Welcome to Amazon.com. Amazon.com Services LLC and/or its affiliates ("Amazon") provide website features and other products and services to you when you visit or shop at Amazon.com, use Amazon products or services, use Amazon applications for mobile, or use software provided by Amazon in connection with any of the foregoing (collectively, "Amazon Services"). By using the Amazon Services, you agree, on behalf of yourself and all members of your household and others who use any Service under your account, to the following conditions.

4.2.     Amazon addresses guaranteed deliveries in at least two locations. First, Amazon informs customers about "Delivery Guarantees" on a web page with this very title:[5]

> Shipping and Delivery › Shipping Options ›
>
> # Delivery Guarantees
>
> We offer guaranteed delivery on certain delivery speeds and select products. When guaranteed delivery is available on an order, we'll state this on the checkout page, with the associated delivery date and cost.
>
> If we provide a guaranteed delivery date and a delivery attempt isn't made by this date, we'll refund any shipping fees associated with that order.
>
> The "order within" countdown timer provides the window of time in which you must place the order to receive your delivery by the date shown. The delivery day may become unavailable within that timeframe due to changes in inventory or delivery capacity before you place your order. Your confirmed delivery date is in your order confirmation email.
>
> See our Guaranteed Delivery Terms and Conditions for more details.

4.3.     The requirements of the actual "Guaranteed Delivery Terms and Conditions" are as follows:[6]

---

[5] *See*, https://www.amazon.com/gp/help/customer/display.html?nodeId=GCNQVPEFZLZZVLVY (visited June 26, 2023) ("Delivery Guarantees").

[6] See, https://www.amazon.com/gp/help/customer/display.html?nodeId=GZ5R2Y8QHENSLW75 (visited June 26, 2023) ("Guaranteed Delivery Terms and Conditions").

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Shipping and Delivery › Shipping Options ›

# Guaranteed Delivery Terms and Conditions

If we provide a guaranteed delivery date on the checkout page, your shipping fees may be refunded if we miss our promised delivery date.

The following requirements must be met to qualify for a delivery guarantee refund:

- Shipping method selected is shipping option advertised on a product detail page.
- Order is shipping to eligible address.
- Order is placed before "order within" countdown listed on the checkout page. The "order within" countdown timer provides the window of time in which you must place your order to receive your delivery by the date shown. That delivery date may become unavailable within that window of time due to changes in inventory or delivery capacity before you place your order. Your confirmed delivery date is included in your order confirmation email. Contact us with any concerns.
- If you order contains items that aren't eligible for guaranteed delivery, shipping preference "Ship my items as they become available" is selected.
- Your credit or debit card must be successfully charged before the deadline displayed on the checkout page.
- The guarantee does not apply if we miss our promised delivery date because of an unforeseen circumstance outside of our control, such as a strike, natural disaster, or severe winter storm. Also, delivery scans might be inaccurate.

    - An attempted delivery on or before the guaranteed delivery date meets our delivery guarantee.

    - An offer by the carrier of a delivery appointment on or before the guaranteed delivery date meets our delivery guarantee

4.4.    The Conditions of Use, Delivery Guarantees, and Guaranteed Delivery Terms and Conditions provide the terms of the contract or contracts under which the Plaintiff and Proposed Class members paid Amazon for a guaranteed delivery date and/or time for products purchased from Amazon or on Amazon's online retail platform. Amazon's offer of a guaranteed delivery date and/or time, and the related terms in the foregoing defined documents, is referred to herein as the "Guaranteed Delivery."

**B.    Plaintiff's Acceptance of Amazon's Offer of Guaranteed Delivery**

4.5.    On March 27, 2023, Plaintiff selected for purchase a product sold by Amazon.com Services, LLC identified as "Stash Tea Fruity Herbal Tea 6 Flavor Tea

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

1  Sampler, 6 boxes With 18-20 Tea Bags Each" (the "Product"). The price of the Product was

2  $19.99.

3      4.6.    As an Amazon Prime member, on the checkout page Plaintiff was offered a

4  Guaranteed Delivery of the Product between 4:00 a.m. and 8:00 a.m. the following day for an

5  additional shipping fee of $2.99. Plaintiff accepted the Guaranteed Delivery offer and the

6  additional $2.99 was added to his order, for a total of $22.98.

7      4.7.    An example of the checkout page presented to Plaintiff for his purchase of the

8

9  Product and selecting the Guaranteed Delivery offer (recreated at a later date) follows:

10

11



25      4.8.    Plaintiff's Mastercard associated with his Amazon account was charged

26  $22.98 on the day of his order of the Product. The charge is identified in the transaction

CLASS ACTION COMPLAINT – 7

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

history of Plaintiff's Amazon account on March 27, 2023 under Order No. 114-5465983-8034654.

4.9.    The terms presented to the Plaintiff under which he agreed to pay $2.99 for delivery of the Product between 7:00 a.m. and 11:00 a.m. the following day meet the requirements for the refund of a shipping fee under the Guaranteed Delivery Terms and Conditions.

4.10.    For Amazon customers who are not Amazon Prime members, including Proposed Class members, the offered price of the same Guaranteed Delivery for this Product was $9.99, for a total of $29.98. An example of the checkout page that would have been presented to a Proposed Class member who is not an Amazon Prime member for the purchase of the Product and selecting the Guaranteed Delivery offer (recreated at a later date) follows:



SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.11.   In this example, the terms presented under which a non-Amazon Prime Proposed Class member could agree to pay $9.99 for delivery of the Product between 4:00 a.m. and 8:00 a.m. the following day meet the requirements for the refund of a shipping fee under the Guaranteed Delivery Terms and Conditions.

4.12.   Amazon issued three notices to Plaintiff confirming the price and delivery terms for his purchase of the Product. Amazon issued the following "Final Details for Order" notice at 4:09 p.m. Pacific Time (7:09 p.m. Eastern)[7] on March 27, 2023 that confirmed "Rush Delivery" and the additional Guaranteed Delivery charge of $2.99:



---

[7] Amazon's notices are time-stamped in Pacific Time, the time zone of its headquarters in Seattle. Plaintiff resides in the Eastern Time Zone.

CLASS ACTION COMPLAINT – 9

4.13.   On March 27, 2023 at 4:57 p.m. Pacific Time (7:57 p.m. Eastern) Amazon confirmed the Guaranteed Delivery and Order Total of $22.98:



4.14.   On March 27, 2023, at 6:58 p.m. Pacific Time (9:58 p.m. Eastern), Amazon confirmed the Product had shipped and would arrive between 4:00 a.m. and 8:00 a.m.:

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305



C. **Amazon Failed to Meet the Guaranteed Delivery for the Product**

4.15.   Amazon next issued a "delivery update" on March 28, 2023 at 3:33 a.m. Pacific Time (7:33 a.m. Eastern), stating that the Product was "on the way but running late" and expected to be delivered by 11:00 a.m., well after the Guaranteed Delivery time:

CLASS ACTION COMPLAINT – 11

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15   4.16.   On March 28, 2023 at 10:01 a.m. Pacific Time (1:01 p.m. Eastern Time)

16   Amazon issued a notice that the Product had been delivered to Plaintiff, 5 hours after the

17   Guaranteed Delivery Time:

18

19

20

21

22

23

24

25

26

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15



16      4.17.   Amazon's own tracking history for its delivery of the Product, which displays

17   events "in the local timezone," also confirms that a delay occurred and was acknowledged by

18   Amazon, and that Amazon did not satisfy the Guaranteed Delivery date and time offered by

19   Amazon and accepted and paid for by Plaintiff:

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT – 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Delivery by Amazon**
Tracking ID: TBA972325994000

Tuesday, March 28

| 12:57 PM | Package delivered near the front door or porch.
Westfield, US |
| 10:17 AM | Package is out for delivery.
Greenwood, US |
| 10:12 AM | Package being processed at carrier facility.
Greenwood, US |
| 10:00 AM | Package arrived at a carrier facility.
Greenwood, US |
|  | Carrier picked up the package. |

Monday, March 27

| 11:33 PM | A carrier delay has occurred.
Greenwood, US |
| 9:53 PM | Package being processed at carrier facility.
Greenwood, US |
| 9:52 PM | Package arrived at a carrier facility.
Greenwood, US |
| 9:49 PM | Delivery appointment scheduled
US |

*Times are shown in the local timezone.*

4.18.   Amazon's notices and tracking history for its delivery of the Product confirm

that Amazon offered and Plaintiff accepted a Guaranteed Delivery under the Guaranteed

Delivery Terms and Conditions, that Amazon failed to satisfy the Guaranteed Delivery date

CLASS ACTION COMPLAINT – 14

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

and time, and that Plaintiff is entitled to a refund of the shipping fees paid for a Guaranteed Delivery.

4.19.   In particular, as required by the Guaranteed Delivery Terms and Conditions:

a.   The shipping method selected by Plaintiff was a "shipping option advertised on a product detail page;"

b.   The Product was ordered for delivery to an eligible address;

c.   The order was placed before any "order within" countdown listed on the checkout page, and Plaintiff's confirmed delivery date was included in his order confirmation email;

d.   The order did not contain items that weren't eligible for guaranteed delivery, and the shipping preference "Ship my items as they become available" was therefore not offered;

e.   Plaintiff's credit card was successfully charged, including before any deadline displayed on the checkout page;

f.   Amazon did not miss the Guaranteed Delivery date and time because of an unforeseen circumstance outside of its control, such as a strike, natural disaster, or severe winter storm;

g.   Amazon did not make an attempted delivery before the Guaranteed Delivery date and time; and

h.   Amazon did not make an offer of a delivery appointment on or before the Guaranteed Delivery date and time.

**D.    Amazon Failed To Refund Plaintiff's Shipping Fees**

4.20.   Despite failing to satisfy the Guaranteed Delivery for the Product that was offered by Amazon and accepted and paid for by Plaintiff, Amazon has failed to issue a refund of the $2.99 in shipping fees paid by Plaintiff for the Guaranteed Delivery. The currently existing Order Details for the Product confirm that Plaintiff paid $19.99 for the cost of the product plus $2.99 for "Rush Shipping," even though the Product was delivered on March 28, 2023 at 12:57 p.m. Eastern, 5 hours after the Guaranteed Delivery:

CLASS ACTION COMPLAINT – 15



4.21.   Consistent with the Order Details, Plaintiff has confirmed that no refund or credit was received by him from Amazon for the shipping fees for the Product, including in his Amazon account or in his Mastercard account.

## V.   CLASS ALLEGATIONS

5.1.   Plaintiff brings this action on behalf of himself and as a class action under Civil Rule 23(a) and (b)(3), seeking relief on behalf of the following class ("Proposed Class"):

> All persons and entities who purchased a product from Amazon or a third party on the Amazon online retail platform who paid a fee for a Guaranteed Delivery by Amazon on a stated date and/or time, whose product was not delivered according to the terms of the Guaranteed Delivery, who were entitled to a refund of shipping fees under the Guaranteed Delivery Terms and Conditions, and who were not provided a refund of shipping fees by Amazon for its failure to satisfy the Guaranteed Delivery.

5.2.   The Proposed Class is believed to include millions of Amazon customers and is so numerous that joinder is impracticable.

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

5.3.    The claims of the Plaintiff are typical of the claims of members of the Proposed Class.

5.4.    There are questions of law and fact common to the Proposed Class that predominate over any individual issues. Those common issues include, but are not limited to:

   a.  Whether Amazon's presentation of delivery dates and/or times to members of the Proposed Class for an additional shipping fee constitutes a Guaranteed Delivery;

   b.  Whether Amazon's failure to deliver products to members of the Proposed Class within the time promised in the Guaranteed Delivery entitled members of the Proposed Class to refunds under the Guaranteed Delivery Terms and Conditions;

   c.  Whether Amazon's failure to deliver products to members of the Proposed Class within the time promised in the Guaranteed Delivery and failure to issue refunds for not meeting the Guaranteed Delivery promise constitute a breach of contract;

   d.  The amount by which the Plaintiff and members of the Proposed Class were damaged by Amazon's breach of contract;

   e.  Whether Amazon was unjustly enriched by its failure to deliver products to members of the Proposed Class within the time promised in the Guaranteed Delivery and failure to issue refunds for not meeting the Guaranteed Delivery promise;

   f.  The amount by which Amazon was unjustly enriched at the expense of Plaintiff and Proposed Class members;

   g.  Whether Amazon's publication of the Guaranteed Delivery Terms and Conditions, which promise a refund for failure to meet the Guaranteed Delivery promise, constitutes a deceptive act or practice in trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, in light of its failure to issue such refunds when due; and

   h.  Whether Amazon's failure to issue refunds for failure to meet the Guaranteed Delivery promise constitutes an unfair or deceptive act or practice in trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*

CLASS ACTION COMPLAINT – 17

5.5.     The commonality of the foregoing questions of fact and law, and others that may arise in this litigation, is further supported by the choice of Applicable Law in Amazon's Conditions of Use: "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."

5.6.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous, separate individual actions, or repetitive litigation, would entail.

5.7.     The Proposed Class is readily definable and is one for which all relevant information exists in Amazon's records.

5.8.     Class treatment will permit the adjudication of claims by many Proposed Class members who otherwise could not afford to litigate the claims alleged herein.

5.9.     This class action presents no difficulties of management that would preclude its maintenance as a class action, since all aspects of the claims by the Plaintiff and Proposed Class members can be determined by data in the possession of Amazon.

5.10.     Plaintiff will fairly and adequately protect the interests of the Proposed Class members. Plaintiff has no interests adverse to the interests of absent Proposed Class members, and he has retained competent counsel with extensive experience in class action litigation.

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

# VI.   LEGAL CLAIMS

## A.   Breach Of Contract

6.1.    Plaintiff incorporates the above allegations.

6.2.    Plaintiff and Proposed Class members entered into valid contracts with Amazon for the delivery of products by Amazon at or before the Guaranteed Delivery dates and times in exchange for the payment of additional shipping fees by Plaintiff and Proposed Class members.

6.3.    Amazon's representations of Guaranteed Delivery dates and times to Plaintiff and Proposed Class members, the selection of the Guaranteed Delivery dates and times by Plaintiff and Proposed Class members, and the payment of additional shipping fees by Plaintiff and Proposed Class members, constitute in each instance an offer, an acceptance, mutual assent and adequate consideration.

6.4.    The Plaintiff and Proposed Class members were and are competent parties to their contracts with Amazon, and the contracts are comprised of permissible subject matter.

6.5.    The Plaintiff's and Proposed Class members' contracts with Amazon imposed on Amazon: (i) a duty to deliver the products purchased to Plaintiff and Proposed Class members at or before the Guaranteed Delivery dates and times promised by Amazon; and (ii) a duty to issue a refund to Plaintiff and Proposed Class members in the amount of the additional shipping fees paid by Plaintiff and Proposed Class members for Guaranteed Delivery if Amazon failed to deliver the products purchased at or before the Guaranteed Delivery dates and times promised by Amazon.

6.6.    Amazon breached its contractual duty to Plaintiff and Proposed Class members when it: (i) failed to deliver the products purchased to Plaintiff and Proposed Class

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

members at or before the Guaranteed Delivery dates and times promised by Amazon; and (ii) failed to issue refunds to Plaintiff and Proposed Class members in the amount of the additional shipping fees paid by Plaintiff and Proposed Class members for Guaranteed Delivery.

6.7.    Amazon's breach of its contractual duty to Plaintiff and Proposed Class members proximately caused damages to Plaintiff and Proposed Class members in the amount of the additional shipping fees paid by Plaintiff and Proposed Class members for Guaranteed Delivery.

6.8.    Plaintiff and Proposed Class members satisfied all conditions precedent to Amazon's contractual duties stated above.

**B.    Unjust Enrichment**

6.9.    In the alternative to Count I, in the event of a finding that the parties did not enter into an express contract, or that the express contract does not include a contractual duty by Amazon to deliver the products purchased to Plaintiff and Proposed Class members at or before the Guaranteed Delivery dates and times promised by Amazon, or a contractual duty to issue refunds to Plaintiff and Proposed Class members, Amazon was unjustly enriched in the amount of the additional shipping fees paid by Plaintiff and Proposed Class members for Guaranteed Delivery.

6.10.    Amazon received a benefit at Plaintiff's and Proposed Class members' expense in the form of additional shipping fees paid by Plaintiff and Proposed Class members for Guaranteed Delivery. Amazon had knowledge of the benefit.

6.11.    Because Amazon failed to deliver the products purchased to Plaintiff and Proposed Class members at or before the Guaranteed Delivery dates and times presented by

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

Amazon, it would be unjust for Amazon to retain the additional shipping fees paid by Plaintiff and Proposed Class members for Guaranteed Delivery.

6.12.    Under the circumstances described herein, Amazon profits or enriches itself at the expense of Plaintiff and Proposed Class members contrary to equity.

**C.    Violation of The Washington Consumer Protection Act**

6.13.    Plaintiff incorporates the above allegations.

6.14.    Amazon's Guaranteed Delivery Terms and Conditions promise consumers that they will receive a refund of additional shipping fees, subject to limited exceptions, if their orders are not delivered by the Guaranteed Delivery dates and times. However, Amazon fails to issue such refunds when due. Therefore, Amazon's publication of this promise in the Guaranteed Delivery Terms and Conditions constitutes a deceptive act or practice occurring in trade or commerce within the meaning of the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq.

6.15.    Amazon's failure to issue refunds of additional shipping fees when it fails to meet the Guaranteed Delivery dates and times further constitutes an unfair or deceptive act or practice occurring in trade or commerce within the meaning of the CPA.

6.16.    Amazon's unfair or deceptive acts or practices affect the public interest and have caused injury to Plaintiff and the Proposed Class.

6.17.    Amazon's acts and omissions constitute a violation of Washington's CPA.

**VII.   REQUEST FOR RELIEF**

7.1.    WHEREFORE, Plaintiff and the Proposed Class demand judgment against the Defendants and each of them as follows:

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

a. For an order certifying this lawsuit as a class action under Civil Rules 23(a) and (b)(3), designating Plaintiff as Class representatives, and appointing Plaintiff's counsel as counsel for the Class;

b. For an award of all damages to Plaintiff and the Class resulting from Defendants' breach of contract;

c. For an award of restitution to remedy Defendants' unjust enrichment at the Plaintiff's and Class Members' expense as alleged herein;

d. For an award of treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86.090;

e. For an award of prejudgment interest on the refunds owed;

f. For an award of reasonable attorneys' fees and expenses, as provided by law; and

g. For all other just and proper relief.

## VIII.   JURY TRIAL DEMAND

8.1.   Plaintiff hereby demands a trial by jury of all eligible issues.

DATED this 15th day of September, 2023.

SCHROETER GOLDMARK & BENDER

ADAM J. BERGER, WSBA #20714
LINDSAY L. HALM, WSBA #37141
LILY RAMSEYER, WSBA #57012

COHEN & MALAD, LLP
IRWIN B. LEVIN, *pro hac vice pending*
SCOTT D. GILCHRIST, *pro hac vice pending*
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ilevin@cohenandmalad.com
sgilchrist@cohenandmalad.com

CLASS ACTION COMPLAINT – 22