THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONNY STOREY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC.,<br><br>Defendant. | No. 2:23-CV-01529-KKE<br><br>AMAZON'S RULE 12(B)(6) MOTION TO DISMISS CLASS ACTION COMPLAINT<br><br>NOTE ON MOTION CALENDAR: February 13, 2024<br><br>ORAL ARGUMENT REQUESTED |



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Amazon Customers Can Choose From a Variety of Delivery Options. ..... 2

B. Amazon Clearly Explains to Customers The Terms That Apply to Any "Guaranteed" Delivery. ..... 2

C. Storey Was Never Offered "Guaranteed Delivery," But Nonetheless Received His Item on the Date Promised and Never Sought a Refund. ..... 5

III. LEGAL STANDARD ..... 6

IV. ARGUMENT ..... 6

A. Storey's Complaint Does Not State a Claim for Breach of Contract. ..... 6

1. No delivery "guarantee" applied to Storey's order. ..... 7

2. Any delivery "guarantee" extends only to the delivery "date," and Storey received his order on the date promised. ..... 8

3. The Terms impose no duty to automatically refund guaranteed shipping fees, and in fact require customers to contact Amazon for any eligible refund. ..... 10

B. Storey's Complaint Does Not State a CPA Claim. ..... 11

C. Storey's Complaint Does Not State a Claim for Unjust Enrichment. ..... 13

V. CONCLUSION ..... 14




**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ... 6

*Bugarin v. All Nippon Airways Co.*, 513 F. Supp. 3d 1172 (N.D. Cal. 2021) ... 11

*CHG Int'l., Inc. v. Robin Lee, Inc.*, 667 P.2d 1127 (Wash. Ct. App. 1983) ... 11

*Cornelius v. Fid. Nat'l Title Co.*, No. C08-754MJP, 2009 WL 596585 (W.D. Wash. Mar. 9, 2009) ... 13, 14

*Denton v. Dep't Stores Nat'l Bank*, No. C-10-5830RBL, 2011 WL 3298890 (W.D. Wash. Aug. 1, 2011) ... 8, 10

*Farmers Ins. Co. of Wash. v. Miller*, 549 P.2d 9 (Wash. 1976) ... 7

*Folweiler Chiropractic PS v. Safeco Ins.*, No. 81520-2-I, 2021, WL 4059799 (Wash. Ct. App. Sept. 7, 2021) (unpublished) ... 6, 7

*Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847 (W.D. Wash.), *appeal filed*, No. 23-35377 (9th Cir. June 1, 2023) ... 13

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531 (Wash. 1986) ... 12

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166 (W.D. Wash. 2014), *aff'd*, 691 F.App'x 406 (9th Cir. 2017) ... 8, 9, 10

*Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362 (W.D. Wash. July 18, 2023) ... 13

*Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262 (Wash. 2005) ... 7

*Jo-Ann Stores, LLC v. Sound Props.*, LLC, No. C19-1831JLR, 2021 WL 2313428 (W.D. Wash. June 7, 2021) ... 7



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Koller v. Flerchinger*,
441 P.2d 126,128 (Wash. 1968) ........ 10

*Lowden v. T-Mobile USA, Inc.*,
2009 WL 537787, No. C05-1482 MJP, 2009 WL 537787 (W.D. Wash. Feb. 18, 2019), *aff'd*, 378 F. App'x 693 (9th Cir. 2010) ........ 12

*Marquez v. Amazon.com, Inc.*,
No. 21-80392-cv-DMM, 2021 WL 6060670 (S.D. Fla. Nov. 18, 2021), *aff'd*, 69 F.4th 1262 (11th Cir. 2023) ........ 8

*McCants v. Skyline at First Hill*,
No. C21-0871-RSM, 2022 WL 3646301 (W.D. Wash. Aug. 24, 2022) ........ 14

*MDY Indus., LLC. v. Blizzard Ent., Inc.*,
629 F.3d 928 (9th Cir. 2011) ........ 10

*Myers v. State*,
218 P.3d 241 (Wash. Ct. App. 2009) ........ 8

*Ogorsolka v. Residential Credit Sols., Inc.*,
No. 2:14-cv-00078-RSM, 2014 WL 2860742 (W.D. Wash. June 23, 2014) ........ 9

*Quinn v. Cherry Lane Auto Plaza, Inc.*,
225 P.3d 266 (Wash. Ct. App. 2009) ........ 10, 11

*Ross v. Harding*,
391 P.2d 526 (Wash. 1964) ........ 11

*Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*,
991 P.2d 1126 (Wash.) ........ 9, 10

*Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,
825 P.2d 714 (Wash. Ct. App. 1992) ........ 13

*Smale v. Cellco P'ship*,
547 F. Supp. 2d 1181 (W.D. Wash. 2008) ........ 13

*Snohomish Cnty. Pub. Transp. Benefit Area Corp. v. FirstGroup Am. Inc.*,
271 P.3d 850 (Wash. 2012) ........ 7, 8

*Spokane Sch. Dist. No. 81 v. Spokane Educ. Ass'n*,
331 P.3d 60 (Wash. Ct. App. 2014) ........ 10

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ........ 6



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Storti v. Univ. of Wash.*,
330 P.3d 159 (Wash. 2014)....................7

*Talyancich v. Microsoft Corp.*,
No. C12-1128-JCC, 2012 WL 12941690 (W.D. Wash. Nov. 2, 2012)....................9

*Univera, Inc. v. Terhune*,
No. C09-5227 RBL, 2010 WL 3489932 (W.D. Wash. Aug. 31, 2010) ....................13

*Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*,
296 P.3d 821 (Wash. 2013)....................6, 7

*Woodell v. Expedia Inc.*,
No. C19-0051JLR, 2019 WL 3287896 (W.D. Wash. July 22, 2019)....................13

*Wooley v. Jackson Hewitt, Inc.*,
540 F. Supp. 2d 964 (N.D. Ill. 2008) ....................9

*Wright v. Lyft, Inc.*,
406 P.3d 1149 (Wash. 2017)....................11

*Young v. Toyota Motor Sales, U.S.A.*,
472 P.3d 990 (Wash. 2020)....................12, 13

*Young v. Young*,
191 P.3d 1258 (Wash. 2008)....................13

**STATUTES**

Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.* ....................1, 5, 11, 12, 13

**RULES**

Fed. R. Civ. P. 9(b) ....................13



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Plaintiff Tonny Storey's Complaint is based on a reading of a contract that, at every turn, says the opposite of what Storey alleges it does. Essentially, Storey alleges that Amazon should have automatically refunded him the $2.99 he paid for "guaranteed" overnight shipping on an order *even though he received the order overnight* because he would have preferred to receive it a few hours earlier. Nevertheless, his Complaint asserts breach of contract, Washington Consumer Protection Act ("CPA"), and unjust enrichment claims on behalf of a class.

Storey's breach of contract claim should be dismissed for multiple reasons. *First*, the "guarantee" at issue does not apply to Storey's transaction at all. The terms of the relevant contract specify that the "guarantee" only extends to orders where an express offer of a "guaranteed" delivery date is displayed at the time of checkout. This did not happen with Storey's purchase, and he does not allege otherwise. *Second*, for transactions that are covered by a delivery "guarantee," the contract states *nineteen different times* that the guarantee extends only to delivery on the promised "date." Storey admits he got his order on the date he requested, so there is no breach under the contract he seeks to enforce. *Third*, even assuming the guarantee applied (it doesn't) and was breached (it wasn't), the contract states that affected customers should contact Amazon Customer Service to request a refund of delivery fees. Storey does not allege he took that step (and satisfied that condition precedent) to receive a refund. His failure to do so forecloses his claim.

Storey's remaining claims for violation of the CPA and unjust enrichment are tag-along claims that fail along with his deficient contract claim. For the CPA claim, it is settled law that there is nothing unfair or deceptive about a defendant adhering to the stated terms of a consumer contract. That is all that happened here. Storey's unjust enrichment claim likewise fails as a matter of law because the parties' rights and duties are covered by an existing contract. It is simply that this contract was never breached.

For all these reasons, the Complaint should be dismissed with prejudice.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. BACKGROUND

### A. Amazon Customers Can Choose From a Variety of Delivery Options.

Amazon operates the Amazon.com online store where customers can order a wide variety of items. *See* Compl. ¶ 1.5. During the order checkout process customers are typically given different delivery options, often as soon as delivery overnight or even the same day. *Id.* ¶ 4.7. Sometimes, when a customer chooses the fastest delivery date an additional shipping fee is required. *Id.* So, a customer might choose to pay $2.99 for overnight delivery. *Id.* And in certain circumstances, customers can choose an hours-based delivery window preference on a particular date, *e.g.*, whether to request delivery of the item between 4 a.m. and 8 a.m., or later in the day between 7 a.m. and 11 a.m. *Id.*

Because Amazon is committed to delivering quality service, customers may seek a refund for a variety of reasons, including for shipping fees when customers do not receive their order by their selected delivery date. Request for Judicial Notice ("RJN"), Ex. 2. Amazon's Help & Customer Service web pages, accessible on Amazon.com, provide customers with direct links to Amazon's customer service department to obtain shipping fee refunds. *See, e.g.*, *id.*

### B. Amazon Clearly Explains to Customers The Terms That Apply to Any "Guaranteed" Delivery.

When made available to customers, Amazon's offer of a "guaranteed" delivery is subject to terms the company discloses in plain language on its Help & Customer Service" pages on Amazon.com. RJN, Exs. 1, 2, 3. The terms that appear on these "Help & Customer Service" pages are those that Storey contends form his contract with Amazon (collectively, "Terms"). Compl. ¶¶ 4.2-4.4.[1] The Terms form the relevant contract at issue as it pertains to guaranteed delivery.

---

[1] Storey's Complaint explicitly references two of the three relevant Help & Customer Service pages but leaves out a page entitled "Place an Order with Guaranteed Delivery." *See* Compl. ¶¶ 4.2-4.4; RJN, Ex. 1. He also reproduces only a cropped version of the "Guaranteed Delivery Terms and Conditions" page, omitting key language. Compl. ¶4.3. Consideration of all three Help & Customer Service pages in their entirety is nonetheless appropriate both under the incorporation by reference and judicial notice doctrines. *See* RJN. Storey also points to Amazon's Conditions of Use, which is the contract that governs the use of the Amazon.com website. Compl. ¶¶ 4.1, 4.4. But he concedes that nothing in the Conditions of Use speak to "guaranteed" deliveries and instead ties the substantive contract terms to Amazon's Help & Customer Service pages. *See id.* ¶ 4.2.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

These Terms impose three basic requirements. *First*, for any order to qualify for "guaranteed delivery," the order must state the word "guaranteed" as to the delivery date appearing on the final page before the customer places an order. RJN, Ex. 1. *Second*, the delivery "guarantee" only extends to a *date*, and says nothing about a specific *time* on that date. Compl. ¶¶ 4.2-4.3 RJN Exs. 1, 2, 3. *Third*, if the item is not delivered on the guaranteed delivery "date" and other conditions are met, the customer may then contact Customer Service to obtain a refund for any shipping charges paid to receive it on that date. RJN, Ex. 2. Each of these requirements is plainly explained and disclosed by Amazon. Nothing in these Terms, however, suggests that any "guarantee" applies to delivery within a certain hours-based window on a given day. Nor do these Terms state or imply that if a guaranteed delivery date is not met the customer will automatically receive a refund without contacting Amazon.

On a page entitled "Place an Order with Guaranteed Delivery," customers are informed: "To place an order with guaranteed delivery…[o]n the checkout page, select the guaranteed shipping option. *Your delivery date will state 'guaranteed' and be displayed on the final page* before you place the order." RJN, Ex. 1 (emphasis added). The Terms state this requirement twice. *See also* Compl. ¶ 4.2; RJN, Ex. 3 ("When guaranteed delivery is available on an order, *we'll state this on the checkout page* . . . .") (emphasis added). So, unless this "guaranteed" language appears on the customer's final order page, no guarantee applies.

Next, on a page entitled "Delivery Guarantees," Amazon states repeatedly that when applicable this guarantee only extends to a guaranteed delivery "date." Compl. ¶ 4.2; RJN, Ex. 3 ("If we provide a guaranteed delivery *date* and a delivery attempt isn't made by this *date*, we'll refund any shipping fees associated with that order."; "When guaranteed delivery is available on an order, we'll state this on the checkout page, with the associated delivery *date* and cost."; "The 'order within' countdown timer provides the window of time in which you must place the order to receive your delivery by the *date* shown."; "Your confirmed delivery *date* is in your order



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

confirmation email.") (emphasis added). In fact, collectively, the Terms inform customers like Storey of this date-specific scope of the guarantee *nineteen* different times. RJN, Exs. 1, 2, 3.

Finally, a webpage entitled "Guaranteed Delivery Terms and Conditions" instructs customers that to obtain a refund for any shipping fees paid for a guaranteed delivery date that was not met, the customer must "contact us" to inquire about the order and "about a refund of the shipping fees you paid on [that] order." RJN, Ex. 2.[2] The "contact us" language of this term is a hyperlink on Amazon's Customer Service webpage. *Id.* Figure 1 is a reproduction of the webpage that contains this language.

**Figure 1: Guaranteed Delivery Terms and Conditions**

Shipping and Delivery › Shipping Options ›

Guaranteed Delivery Terms and Conditions

If we provide a guaranteed delivery date on the checkout page, your shipping fees may be refunded if we miss our promised delivery date.

The following requirements must be met to qualify for a delivery guarantee refund:

- Shipping method selected is shipping option advertised on a product detail page.
- Order is shipping to eligible address.
- Order is placed before "order within" countdown listed on the checkout page. The "order within" countdown timer provides the window of time in which you must place your order to receive your delivery by the date shown. That delivery date may become unavailable within that window of time due to changes in inventory or delivery capacity before you place your order. Your confirmed delivery date is included in your order confirmation email. Contact us with any concerns.
- If you order contains items that aren't eligible for guaranteed delivery, shipping preference "Ship my items as they become available" is selected.
- Your credit or debit card must be successfully charged before the deadline displayed on the checkout page.
- The guarantee does not apply if we miss our promised delivery date because of an unforeseen circumstance outside of our control, such as a strike, natural disaster, or severe winter storm. Also, delivery scans might be inaccurate.
  - An attempted delivery on or before the guaranteed delivery date meets our delivery guarantee.
  - An offer by the carrier of a delivery appointment on or before the guaranteed delivery date meets our delivery guarantee

To inquire about a refund of the shipping fees you paid on this order, contact us and select **An Order I Placed**. Choose your order, then select Problem with an order > Shipping or delivery issues > Shipment is late.

[2] Storey includes a cropped screenshot of the "Guaranteed Delivery Terms and Conditions" in his Complaint, inexplicably omitting this key language. *See* Compl. ¶ 4.3; *supra* note 1; *see also* RJN.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### C. Storey Was Never Offered "Guaranteed Delivery," But Nonetheless Received His Item on the Date Promised and Never Sought a Refund.

Storey alleges that in March 2023 he ordered a variety pack of herbal tea for $19.99 and selected overnight delivery for a $2.99 shipping charge. Compl. ¶ 4.7. He does not allege the word "guaranteed" appeared at any point during his checkout process. After selecting "overnight" shipping, he was given the option of stating a preference for one of two hours-based windows on that date, either 4 a.m. to 8 a.m., or 7 a.m. to 11 a.m. *Id.* ¶ 4.7. There was no price difference between these two windows. *Id.* Instead, $2.99 represented the cost of delivery on that date regardless of the window chosen. *Id.* Storey chose the 4 a.m. to 8 a.m. window. *Id.* ¶¶ 4.7-4.8.

Storey admits that he *received* his order overnight and on the date he selected. *Id.* ¶ 4.16. Because his order arrived after the delivery window Storey selected, however, he alleges the delivery did not meet Amazon's "guarantee" to deliver his order on a specific date. This, according to the Complaint, should have entitled Storey to automatically receive a $2.99 refund under the Terms. *Id.* ¶¶ 4.16-4.18, 4.20-4.21. But the Terms say no such thing. The parties' contract does not "guarantee" all orders, just orders where the word "guaranteed" is presented to the customer at checkout. Moreover, the contract guarantee, when applicable, refers only to orders that do not arrive on the specified date and directs customers who made eligible orders to contact Customer Service to inquire about a refund of shipping fees. RJN, Ex. 2. Storey does not allege that he availed himself of this option to request a refund and was, in fact, denied one. Instead, Storey brought this lawsuit to demand that this Court order Amazon to issue a $2.99 refund. Compl. ¶¶ 4.16, 4.20.

Based on these allegations, on behalf of himself and a putative nationwide class, Storey asserts claims for breach of contract and violation of the CPA, RCW 19.86 *et seq*. Compl. ¶¶ 6.1-6.8, 6.13-6.17. Storey also alleges unjust enrichment, pled in the alternative to his contract claim. *Id.* ¶¶ 6.9-6.12.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## III. LEGAL STANDARD

A complaint that lacks plausibly alleged facts to support its legal theory must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not "accept . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). A plaintiff must therefore plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

### A. Storey's Complaint Does Not State a Claim for Breach of Contract.

Storey's contract claim fails for three independent reasons. *First*, no guarantee applied to his transaction with Amazon, because during checkout no "guaranteed" language appeared in connection with his order as the Terms require. Compl. ¶ 4.7; RJN, Ex. 1. *Second*, even when an order is subject to a delivery "guarantee" (Storey's was not), the Terms repeatedly specify the guarantee is for delivery on the promised delivery "date." RJN, Exs. 1, 2, 3. And Storey's Complaint acknowledges that he received his order on the date promised. Compl. ¶ 4.16. *Third*, Storey is not entitled to a refund from Amazon because he never requested one, as the Terms plainly require. RJN, Ex. 2. The notion that Storey should have *automatically* received a refund of shipping fees for an order he received on the date he requested is openly contradicted by the Terms themselves—the Terms impose no such duty.

Each of these grounds for dismissal are supported by the plain language of the relevant contract and require dismissal as a matter of law. *See Folweiler Chiropractic PS v. Safeco Ins.*, No. 81520-2-I, 2021 WL 4059799, at *1-2 (Wash. Ct. App. Sept. 7, 2021) (unpublished); *accord Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 296 P.3d 821, 829 (Wash. 2013) (contract interpretation is a question of law). And because the Terms expressly discredit Storey's theory of breach, dismissal is required. *Folweiler*



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Chiropractic PS*, 2021 WL 4059799, at *2-3 (reversible error not to dismiss contract claim unsupported by contract's language).

**1. No delivery "guarantee" applied to Storey's order.**

When interpreting a contract, courts are limited to the language of the contract itself. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005). Courts cannot change the terms of a contract by inserting words that are not there or ignoring words that are. *Farmers Ins. Co. of Wash. v. Miller*, 549 P.2d 9, 11 (Wash. 1976) ("[T]he court cannot rule out of the contract language which the parties thereto have put into it, nor can the court revise the contract under the theory of construing it, nor can the court create a contract for the parties which they did not make themselves, nor can the court impose obligations which never before existed."). And the contract's words are given their plain meaning. *Hearst Commc'ns, Inc.*, 115 P.3d at 267.

Here, the Terms specify in plain language that for any delivery "guarantee" to apply to a particular order, "Your *delivery date will state 'guaranteed' and be displayed on the final page* before you place the order." RJN, Ex. 1; *see also* RJN, Ex. 3 ("When guaranteed delivery is available on an order, *we'll state this on the checkout page* . . . .") (emphasis added). Storey's contract claim is so deficient that he cannot even satisfy this threshold requirement. He does not allege that at *any* point in the order process he was presented with language stating that his delivery was "guaranteed." The Terms' plain-language requirement that Storey was offered a "guarantee" during checkout is not satisfied here, so his contract claim fails. *Hearst Commc'ns, Inc.*, 115 P.3d at 267; *Jo-Ann Stores, LLC v. Sound Props.*, LLC, No. C19-1831JLR, 2021 WL 2313428, at *4 (W.D. Wash. June 7, 2021) (courts "can neither disregard contract language . . . nor revise the contract under a theory of construing it" (citing *Wagner v. Wagner*, 621 P.2d 1279, 1283 (Wash. 1980)); *Storti v. Univ. of Wash.*, 330 P.3d 159, 164 (Wash. 2014) ("It is a fundamental precept of contract law that contracts must be interpreted in accordance with all of their terms."); *Snohomish Cnty. Pub. Transp. Benefit Area Corp. v. FirstGroup Am. Inc.*, 271 P.3d 850, 856 (Wash. 2012) ("An interpretation of a contract that gives effect to all provisions is favored over an interpretation



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

that renders a provision ineffective, and a court should not disregard language that the parties have used."); *see also Marquez v. Amazon.com, Inc.*, No. 21-80392-cv-DMM, 2021 WL 6060670, at *2-3 (S.D. Fla. Nov. 18, 2021) (applying Washington law to dismiss contract claim alleging Amazon agreed to provide "unqualified rapid delivery" as unsupported by language of the relevant contract), *aff'd*, 69 F.4th 1262 (11th Cir. 2023).

The Terms specifically limit the reach of any delivery "guarantee" to those orders where the "guarantee" language is presented at the time of checkout. RJN, Ex. 1. Storey does not allege that happened here. Rather, Storey's breach of contract claim is based on a contractual duty Amazon never assumed—the duty to provide a "guarantee" on all orders. His claim therefore necessarily fails. *See, e.g.*, *Denton v. Dep't Stores Nat'l Bank*, No. C-10-5830RBL, 2011 WL 3298890, at *5 (W.D. Wash. Aug. 1, 2011) (dismissing contract claim where plaintiff failed to identify the term allegedly breached); *accord Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1171 (W.D. Wash. 2014) ("Plaintiff fail[ed] to identify which section of the [contract] is at issue and allegedly breached. This failure is fatal to Plaintiff's Claim."), *aff'd*, 691 F.App'x 406 (9th Cir. 2017).

**2. Any delivery "guarantee" extends only to the delivery "date," and Storey received his order on the date promised.**

Even if the Court were to indulge the counter-factual premise that Storey was eligible for a "guarantee" Amazon never offered him, the Terms of that guarantee were wholly fulfilled because Amazon undisputedly delivered Storey's order on the "date" promised. Compl. ¶¶ 4.6, 4.16. That is all that is required for Amazon to meet its "guarantee," as the Terms themselves repeatedly and explicitly confirm. *See supra* Section II.B (citing RJN Exs. 1, 2, 3).

Contract terms are interpreted "according to the intent of the contracting parties . . .focus[ing] 'on the objective manifestations of agreement.'" *Myers v. State*, 218 P.3d 241, 243 (Wash. Ct. App. 2009) (citation omitted). The Terms dictate that any delivery guarantee extends only to a "date," and this word must be given "its ordinary, usual, and popular meaning." *Id.* The



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

analysis that follows is simple: If a customer receives her order on the "date" it was promised, the Terms are not breached. The Complaint itself repeatedly admits this essential fact, as Storey concedes he received his order on the "date" Amazon told him he would. Compl. ¶¶ 4.6, 4.16. No further inquiry is required. There is simply no cognizable breach under the Terms Storey invokes. *Talyancich v. Microsoft Corp.*, No. C12-1128-JCC, 2012 WL 12941690, at *2 (W.D. Wash. Nov. 2, 2012) (no breach where contract term authorized defendant's conduct); *see also Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 979 (N.D. Ill. 2008) (dismissing breach of contract claim based on defendant tax preparation services' alleged failure to honor its "Gold Guarantee," where plain language of the Guarantee did not provide for reimbursement under the circumstances).

Despite the unambiguous meaning of the word "date," Storey nonetheless claims the Terms were breached because his order arrived five hours later than the window he preferred on the specified date. Compl. ¶ 4.16. Not so. He points to no language in the Terms that extends any guarantee beyond the "date" on which the item was to be delivered. RJN, Exs. 1, 2, 3. That's because there isn't any—while Amazon's checkout process permits customers to indicate a window of a few hours during which they would prefer to receive their orders, the Terms do not guarantee that customers will receive their orders during that window. *Id.* Storey's contract claim thus asks this Court to rewrite the Terms to insert a promise that does not exist. But Courts are "not at liberty, under the guise of construing [a] contract, to disregard [its] language or revise" its terms. *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 991 P.2d 1126, 1131 (Wash.) (citations omitted), *opinion corrected on denial of reconsideration*, 1 P.3d 578 (Wash. 2000) (mem.). This basic premise dooms Storey's contract claim. *See, e.g.*, *Ogorsolka v. Residential Credit Sols., Inc.*, No. 2:14-cv-00078-RSM, 2014 WL 2860742, at *6-7 (W.D. Wash. June 23, 2014) (dismissing contract claim where plaintiff failed to identify the term allegedly breached); *Hard 2 Find Accessories, Inc.*, 58 F. Supp. 3d at 1171 (granting motion to dismiss because "Plaintiff fails to



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

identify which section of the BSA is at issue and allegedly breached [which] . . . is fatal to Plaintiff's claim").

**3. The Terms impose no duty to automatically refund guaranteed shipping fees, and in fact require customers to contact Amazon for any eligible refund.**

Storey's contract claim also fails because it is premised on an invented and counter-textual requirement that when a customer becomes eligible for a refund of shipping fees under the Terms, this refund must occur automatically with no action by the customer himself. Compl. ¶ 4.20.

*First*, there is no language anywhere in the Terms that obligates Amazon to *automatically* provide shipping fee refunds, and the Complaint points to no such language. *Id.*; RJN, Exs. 1, 2, 3. Again, Amazon cannot breach a contract duty it never assumed. *Denton*, 2011 WL 3298890, at *5; *Hard 2 Find Accessories, Inc.*, 58 F. Supp. 3d at 1171. The Terms expressly instruct consumers to contact Amazon Customer Service to request a delivery-fee refund if they believe one is owed. RJN, Ex. 2. Storey therefore cannot concoct a claim for breach by refusing to follow the Terms' simple instruction that he ask for one. Imposing an automatic-refund obligation when the Terms contemplate none would be tantamount to rewriting the contract. *Seattle Prof. Eng'g Emps. Ass'n*, 991, P.2d at 1131; *see also Spokane Sch. Dist. No. 81 v. Spokane Educ. Ass'n*, 331 P.3d 60, 67 (Wash. Ct. App. 2014) (Washington law requires courts to give "reasonable, fair, just, and effective meaning to all manifestations of intention" when interpreting contract).

*Second*, the fact that the Terms require customers seeking refunds to ask for them gives rise to an additional basis for dismissal: Storey has not satisfied that condition precedent to his contract claim. "A condition precedent is an act or event that must occur before a duty to perform . . . arises." *See MDY Indus., LLC. v. Blizzard Ent., Inc.*, 629 F.3d 928, 939 (9th Cir. 2011); *Koller v. Flerchinger*, 441 P.2d 126,128 (Wash. 1968) (same).

If a plaintiff has not satisfied a condition precedent, the defendant is discharged from any corresponding contractual duty. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 225 P.3d 266, 272 (Wash. Ct. App. 2009). Assuming *arguendo* that the delivery guarantee applied to Storey's order (it



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

didn't), and that the delivery was late under the terms of the guarantee (it wasn't), there is still no *self-executing* duty imposed on Amazon to automatically refund shipping charges in such circumstances, *see supra* Section II.B. Thus, Storey has no right to sue for breach on an unreceived refund until he asks Amazon for one, as contractually required, and that refund is refused. RJN, Ex. 2; *Quinn*, 225 P.3d at 272.

The Terms' plain-language requirement that Storey ask for a refund is "a fair and reasonable construction of the [contract] language used in light of all the surrounding circumstances." *Ross v. Harding*, 391 P.2d 526, 531 (Wash. 1964).. Here, the Terms direct consumers who may be eligible for a refund to contact Amazon Customer Service to obtain one. Imposing this contractual duty is a reasonable construction of the Terms and consistent with uncontroversial principle that when a contract directs a consumer to ask for a refund, she should do that before filing a lawsuit. *Bugarin v. All Nippon Airways Co.*, 513 F. Supp. 3d 1172, 1192 (N.D. Cal. 2021) (plaintiff must actually seek refund before filing breach of contract claim; seeking refund is a condition precedent to suit). Storey has not alleged that he demanded a refund and therefore has not fulfilled his own contractual duties. His breach of contract claim must be dismissed.[3]

**B. Storey's Complaint Does Not State a CPA Claim.**

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "A CPA claimant must establish five elements: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017). Failure to satisfy any one of these elements is

[3] Tellingly, Storey points to no obstacle he faced in obtaining a refund. He does not plead any effort to seek that refund, let alone the "good faith" effort that the law requires. *See Tacoma Northpark, LLC*, 96 P.3d 454, 458-59 (Wash. Ct. App. 2004) (imposing a "good faith" standard on failure to perform a condition precedent); *CHG Int'l., Inc. v. Robin Lee, Inc.*, 667 P.2d 1127, 1129 (Wash. Ct. App. 1983) ("Each party has an affirmative good faith obligation to perform conditions precedent to a contract . . . .").



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

"fatal" to a plaintiff's CPA claim. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 539 (Wash. 1986).

Storey does not (and cannot) allege facts to satisfy the first essential element of his claim—that Amazon has engaged in conduct that was either "unfair" or "deceptive." An act is unfair or deceptive if it involves "a representation, omission or practice that is likely to mislead a reasonable consumer." *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 994 (Wash. 2020) (quotation omitted).

The Complaint alleges no such conduct. Storey plainly fails to identify any statement by Amazon guaranteeing delivery of his order at all—much less promising an automatic refund for delivery a few hours later than his preferred window. Storey simply repackages his breach of contract claim, asserting that the publication of the Terms constitutes a deceptive act or practice because the Terms "promise consumers that they will receive a refund of additional shipping fees . . . if their orders are not delivered by the Guaranteed Delivery dates and times." Compl. ¶ 6.14. But as explained above, *see supra* Section IV.A, Storey alleges no facts to suggest that consumers do not receive requested refunds of shipping fees if guaranteed delivery orders are not delivered on time. Thus, Storey fails to allege that the Terms are a "representation . . . likely to mislead a reasonable consumer" where the Complaint does not support his core theory that Amazon fails to live up to its Terms. *See, e.g.*, *Lowden v. T-Mobile USA, Inc.*, 2009 WL 537787, No. C05-1482 MJP, 2009 WL 537787, at *2 (W.D. Wash. Feb. 18, 2019) (dismissing CPA claim because plaintiff's contract "adequately disclosed" and permitted the alleged deceptive practices), *aff'd*, 378 F. App'x 693 (9th Cir. 2010).

Storey's claim that Amazon's failure to automatically issue refunds for additional shipping fees when it does not meet Guaranteed Delivery times constitutes an "unfair or deceptive act or practice" fails for the same reason. Not automatically refunding Storey's shipping fee is plainly permitted by the Terms, and therefore cannot form an actionable unfair or deceptive practice as a



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

matter of law.[4] *See, e.g.*, *Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, at *7 (W.D. Wash. July 18, 2023) (dismissing CPA claim because Amazon's Conditions and Guidelines expressly permitted Amazon to take the actions that it took); *Smale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1186, 1188-89 (W.D. Wash. 2008) (dismissing CPA claim because Verizon's contract permitted the alleged deceptive act).[5]

**C. Storey's Complaint Does Not State a Claim for Unjust Enrichment.**

In the alternative to his breach of contract claim, Storey seeks restitution damages under a theory of unjust enrichment. *See* Compl. ¶¶ 6.9-6.12. This claim fails because Storey's claims are subject to a contractual agreement, so no equitable remedy is permitted as a matter of law.

"Unjust enrichment is the method of recovery for the value of the benefit retained *absent any contractual relationship* because notions of fairness and justice require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (emphasis added). A plaintiff may bring an unjust enrichment claim only if the claim arises in the absence of an enforceable contract. *See, e.g.*, *Univera, Inc. v. Terhune*, No. C09-5227 RBL, 2010 WL 3489932, at *4 (W.D. Wash. Aug. 31, 2010) (dismissal of unjust enrichment claim appropriate where parties "agree that they are bound by express and enforceable contracts with each other").

Because a valid contract between Storey and Amazon governs his order and its delivery, Storey cannot seek additional compensation based on unjust enrichment. *See, e.g.*, *Cornelius v.*

---

[4] Storey's CPA claim also fails for the independent reason that he cannot sufficiently allege that "but for the defendant's unfair or deceptive act or practice the plaintiff's injury would not have occurred," *Toyota Motor Sales*, 472 P.3d at 996 (internal citation omitted), given that he could have sought a refund at any time. Storey is also not entitled to treble damages under RCW 19.86.090, because he cannot show actual monetary damages. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 825 P.2d 714, 721 (Wash. Ct. App. 1992) ("[T]he failure to show actual monetary damages precludes the recovery of treble damages under the CPA." (internal citation omitted)).

[5] Moreover, to the extent Storey alleges that Amazon *intentionally* misled the public, Storey's CPA claim sounds in fraud and is subject to Rule 9(b)'s heightened pleading standard, which requires him to "state with particularity the circumstances constituting fraud." *See, e.g.*, *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash.), *appeal filed*, No. 23-35377 (9th Cir. June 1, 2023); *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *10 (W.D. Wash. July 22, 2019) (CPA claim that the "Taxes & Fees" charged by defendant online hotel booking sites "were not actual taxes and fees remitted to governmental authorities but contained additional amounts surreptitiously added by Defendants" sounded in fraud even though plaintiffs "avoided using the term 'fraud' in describing [their] CPA claim"); Fed. R. Civ. P. 9(b). The Complaint falls short where Storey fails to identify any promise by Amazon that it did not live up to.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Fid. Nat'l Title Co.*, No. C08-754MJP, 2009 WL 596585, at *10 (W.D. Wash. Mar. 9, 2009) (dismissing unjust enrichment claim under Rule 12(c) where "Plaintiffs have alleged the existence of a valid contract . . . which does cover the subject of their claims"); *McCants v. Skyline at First Hill*, No. C21-0871-RSM, 2022 WL 3646301, at *2-4 (W.D. Wash. Aug. 24, 2022) (dismissing unjust enrichment claims where plaintiff's claims were governed by contract).

## V. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in full with prejudice.

Dated: December 5, 2023

I certify that this memorandum contains 4,872 words, in compliance with the Local Civil Rules.

By: *s/ Charles C. Sipos*

Charles C. Sipos, Bar No. 32825
Ellie F. Chapman, Bar No. 55881
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CSipos@perkinscoie.com
EChapman@perkinscoie.com

Attorneys for Defendant Amazon.com Services LLC