The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONNY STOREY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | No. 2:23-CV-01529-KKE<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rules 16(a) and 26(f), the and the Court's order dated October 31, 2023 (Dkt. 14), Plaintiff Tonny Storey ("Plaintiff" or "Storey") and Defendant Amazon.com Services, LLC ("Defendant" or "Amazon") (collectively, "the Parties"), hereby submit this Joint Status Report following the Parties' conference pursuant to Federal Rule of Civil Procedure 26(f).

1. **NATURE AND COMPLEXITY OF CASE**

**Plaintiff's Statement:** This is a putative nationwide class action brought under Washington contract, unjust enrichment, and consumer protection laws arising out of Amazon's alleged failure to provide refunds of extra shipping fees paid by customers for delivery within guaranteed time windows when the ordered goods were not delivered within those delivery windows. Amazon has moved for dismissal of Plaintiff's claims and summarizes

JOINT STATUS REPORT AND
DISCOVERY PLAN– 1
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

its arguments in support of dismissal in its statement below. Plaintiff disagrees with the factual and legal premises of Amazon's arguments but believes this joint status report is not the place to argue about the merits of the case. Plaintiff will fully respond to Amazon's arguments in his opposition to the pending motion to dismiss.

Although Plaintiff believes the case hinges on relatively straightforward questions of Washington common and consumer protection law, the legal and factual issues in dispute are of moderate complexity given the request for class certification and issues of discovery, data retrieval and analysis, and case management entailed by that request.

**Defendant's Statement:** Plaintiff Tonny Storey alleges that in March 2023 he ordered a variety pack of herbal tea for $19.99 and selected overnight delivery for a $2.99 shipping charge. Complaint ¶ 4.7 (Dkt. 1.2). He does not allege the word "guaranteed" appeared at any point during his checkout process. *Id.* After selecting "overnight" shipping, he was given the option of stating a preference for one of two hours-based time windows on that date, either 4 a.m. to 8 a.m., or 7 a.m. to 11 a.m. *Id.* Plaintiff admits he received his order overnight and on the date he selected. *Id.* ¶ 4.16. Because his order arrived a few hours after the delivery window Plaintiff selected, however, he alleges the delivery did not meet Amazon's "guarantee" to deliver his order on a specific date. This, according to the Complaint, should have entitled Plaintiff to automatically receive a $2.99 refund under the relevant Help & Customer Service pages (the "Terms") regarding guaranteed delivery on Amazon.com. *Id.* ¶¶ 4.16-4.18, 4.20-4.21; *see also* Request for Judicial Notice, Exs. 1, 2, 3 (Dkt. 18). He does not allege to have sought a refund from Amazon prior to filing suit.

As described above, Plaintiff concedes the Terms govern his claim. Dkt. 1.2 ¶ 4.2-4.4; Dkt. 18, Exs. 1, 2, 3. But as his Complaint (and the Terms that are incorporated by reference,

JOINT STATUS REPORT AND
DISCOVERY PLAN– 2
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

and that may be judicially noticed, make clear): (1) for any order to qualify for "guaranteed delivery," the order must state the word "guaranteed" as to the delivery date appearing on the final page before the customer places an order (*Id.*, Ex. 1); (2) the delivery "guarantee," when it applies, only extends to *date*, and says nothing about delivery by a specific *time* on that date (*Id.*, Exs. 1, 2, 3); (3) if the "guarantee" is not met, the customer may then contact Customer Service to obtain a refund for any shipping charges paid to receive in on that date (*Id.*, Ex. 2).

Based on these allegations, Plaintiff asserts claims for breach of contract and violation of Washington's Consumer Protection Statute ("CPA"). Dkt. 1.2 ¶¶ 6.1-6.8; 6.13-6.17. In the alternative to his breach of contract claim, he seeks restitution for unjust enrichment. *Id.* ¶¶ 6.9-6.12. Plaintiff seeks to represent a class of "[a]ll persons and entities who purchased a product from Amazon or a third party on the Amazon online retail platform who paid a fee for a Guaranteed Delivery by Amazon on a stated date and/or time, whose product was not delivered according to the terms of the Guaranteed Delivery, who were entitled to a refund of shipping fees under the Guaranteed Delivery Times and Conditions, and who were not provided a refund of shipping fees by Amazon for its failure to satisfy the Guaranteed Delivery." *Id.* ¶ 5.1.

Amazon denies the allegations in the Complaint, denies that the Complaint states a claim against Amazon, denies that Plaintiff is entitled to any relief whatsoever, and denies that class certification is appropriate. Amazon has accordingly filed a Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. 17) (Dec. 5, 2023).

JOINT STATUS REPORT AND
DISCOVERY PLAN– 3
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

## 2. DEADLINE FOR JOINING ADDITIONAL PARTIES

**Plaintiff's Statement:**

Plaintiff believes that, aside from the deadline for class certification, a reasonable deadline for joining additional parties without leave of court is February 16, 2024. Plaintiff also believes that the deadline for motions relating to class certification should be set no earlier than June 10, 2024 in light of Amazon's pending Motion to Dismiss, which is noted for hearing on February 13, 2024, the need for discovery preparatory to the motion for class certification, and the existing commitments of counsel for both Parties.

**Defendant's Statement:**

Amazon believes it is premature at this time to propose a trial schedule or deadlines for joining additional parties, for the close of fact discovery, or for moving for class certification. Instead, Amazon proposes that, after the Court has ruled on its pending Motion to Dismiss, the Parties shall confer and propose a schedule for deadlines up to and including the filing deadline and briefing schedule for Plaintiff's anticipated motion for class certification. Following the Court's ruling on Plaintiff's anticipated motion for class certification, the Parties shall confer and propose a schedule for the remaining pretrial deadlines, including deadlines related to dispositive motions and trial readiness. In all events, if Amazon's Motion to Dismiss is denied, Amazon believes an appropriate schedule would allow for 10-12 months of discovery beginning from the time of the denial of the Motion until the deadline for Plaintiff's anticipated motion for class certification.

## 3. CONSENT TO MAGISTRATE JUDGE

No.

JOINT STATUS REPORT AND
DISCOVERY PLAN– 4
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

### 4. SCHEDULING OF CLASS CERTIFICATION

**Plaintiff's Statement:**

If the Court does not stay discovery pending adjudication of Amazon's Motion to Dismiss, Plaintiff proposes the following schedule for his motion for class certification:

    Motion:        June 10, 2024

    Response:      July 8, 2024

    Reply:         August 5, 2024

If the Court does stay discovery, then Plaintiff proposes that the deadline for his class certification motion be set for 180 days after the Court's order on the Motion to Dismiss.

**Defendant's Statement:**

*See supra* Section 2.

### 5. DISCOVERY PLAN

**(A) Initial Disclosures**

The Parties served their initial disclosures on December 5, 2023.

**(B) Subjects, Timing, and Potential Phasing of Discovery**

**Plaintiff's Statement:**

Plaintiff does not believe discovery should be stayed pending determination on Amazon's Motion to Dismiss because such a stay would unnecessarily delay litigation and the ultimate resolution of the case to the detriment of Plaintiff and the proposed class.

Plaintiff further believes that no formal bifurcation or staging of discovery is necessary or appropriate, but expects that the initial phase of discovery will generally focus on the named Plaintiff's individual claim and on issues relevant to class certification, including such matters as the number of putative class members, identification of the evidence necessary to establish

JOINT STATUS REPORT AND
DISCOVERY PLAN– 5
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

the elements of and defenses to the named Plaintiff's claim, existence, structure, and accessibility of guaranteed delivery fee and delivery time data relevant to Plaintiff's claim, and evidence relevant to demonstrating commonality, typicality, and predominance. This initial focus, however, does not mean that initial discovery should not encompass class-wide information or entail only sampling of class-wide information and data. For example, Plaintiff believes that initial discovery should encompass class-wide data on guaranteed delivery fees, delivery times, and refunds to the extent that is available in easily searchable and exportable electronic format. Plaintiff believes that sampling of class-wide information would only be appropriate if full production of class-wide data would cause undue or disproportionate burden to Amazon.

Finally, Plaintiff believes the Parties can and will cooperate to prioritize discovery to maximize efficiency and minimize undue burden and expense without the need for formal phasing of discovery, appointment of a discovery master, or other special interventions by the Court.

**Defendant's Statement:**

Amazon believes discovery should be stayed pending resolution of its pending Motion to Dismiss because its Motion turns on threshold issues that should be resolved as quickly and efficiently as possible, including (1) whether Plaintiff alleges his purchase "guaranteed" under the terms of the relevant contract; (2) if so, whether the "guarantee" was breached under the terms of the relevant contract where Plaintiff alleges he received his order on the date promised; (3) if so, whether the "guarantee" was breached under the terms of the relevant contract where Plaintiff does not allege to have contacted customer service for a refund; (4) if so, whether Plaintiff failed to satisfy a condition precedent to his contract claim by failing to contact customer service; (5) whether Plaintiff has sufficiently pled his CPA claim where it is

JOINT STATUS REPORT AND
DISCOVERY PLAN– 6
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

based on the same conduct as his insufficiently pled contract claim; and (6) whether Plaintiff can seek unjust enrichment where the Parties agree that a valid contract covers Plaintiff's claim. If the Court accepts Amazon's defenses, then that would resolve this case and obviate the need for costly and time-consuming. And even if the Court rejects Amazon's defenses, the Parties will have the benefit of the Court's interpretation of the relevant contract, which would help ensure that discovery is appropriately tailored. Amazon therefore reserves the right to seek relief from the Court, as may be necessary, to stay discovery during the pendency of a decision on its Motion to Dismiss.

Amazon agrees that if its pending Motion to Dismiss is denied, discovery should move forward. If discovery proceeds, Amazon anticipates taking written and oral fact discovery on at least the following topics: Plaintiff's alleged purchase of herbal tea from Amazon on March 27, 2023, including any notices he received from Amazon about the purchase or delivery of such item; the reasons that Plaintiff did not refuse delivery of, or contact customer service about, the delivery of such item; and the damages, if any, that he alleges he suffered. Amazon reserves the right to propose phasing discovery, or any other phasing motions, if the case proceeds following the Court's ruling on its pending Motion to Dismiss.

### (C) Electronically Stored Information

The Parties do not currently anticipate any special issues relating to electronically stored information ("ESI"). The Parties have conferred with their respective counsel about the need to preserve evidence that may be relevant to the claims or defenses in this action, including the preservation of ESI.

JOINT STATUS REPORT AND
DISCOVERY PLAN– 7
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

**Plaintiff's Statement:**

Plaintiff believes that discovery of ESI will focus on data relating to when (and how much) customers paid for guaranteed delivery times, when deliveries were made outside the guaranteed delivery time windows, and when refunds were provided. Initial ESI discovery will include the how such information is stored and identification of custodians of such ESI. Plaintiff believes that discovery of electronically stored information should be subject to the Court's Model Protocol for Discovery of ESI.

**Defendant's Statement:**

If this case proceeds, the Amazon proposes that the Parties submit to the Court for its review and approval a proposed ESI Protocol based on the Western District of Washington's Model Agreement re: Discovery of ESI. Amazon proposes that the ESI Protocol be due within 14 days of the Court's ruling on Amazon's Motion to Dismiss.

**(D)     Privilege Issues**

The Parties do not anticipate any special issues related to privilege but are prepared to address privilege issues and attempt to resolve any issues that arise.

**Plaintiff's Statement:**

Plaintiff proposes that the Parties submit a proposed Protective Order to this Court following submission of this Joint Status Report.

**Defendant's Statement:**

If this case proceeds, Amazon proposes that the Parties submit to the Court for its review and approval a proposed Protective Order based on the Western District of Washington's Model Stipulated Protective Order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

JOINT STATUS REPORT AND
DISCOVERY PLAN– 8
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

The proposed protective order will also provide a procedure, consistent with the Federal Rule of Evidence 502(b), for clawing back inadvertently disclosed privileged documents. Amazon proposes that the Protective Order be due within 14 days of the Court's ruling on Amazon's Motion to Dismiss.

### (E)   Proposed Limitations on Discovery

The Parties do not anticipate proposing any modifications to the discovery rules at this time. Should any Party seek to exceed any limitations set forth by the Federal Rules of Civil Procedure or the Local Civil Rules, the Parties will meet and confer in attempts to reach agreement.

### (F)   Discovery-Related Orders

The Parties disagree on whether discovery should be stayed pending determination of Amazon's Motion to Dismiss and anticipate that this issue will be raised by motion to the Court if necessary.

As described above, the Parties also disagree as to the timing of the Protective Order and ESI Protocol.

Other than these two items, the Parties do not believe that any other discovery-related orders are needed at this time but will confer and attempt to reach agreement if later developments in the case indicate that any orders would be necessary or appropriate.

## 6.   ITEMS SET FORTH IN LOCAL RULE 26(f)(1)

### (A)   Prompt Case Resolution

The Parties are aware of the benefits of early resolution, but do not anticipate they will be able to resolve this matter promptly.

### (B)   ADR

JOINT STATUS REPORT AND
DISCOVERY PLAN– 9
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

The Parties agree that, if and when they mutually agree that participating in some form of alternative dispute resolution may be productive, they will likely do so through private mediation.

### (C) Related Cases

The Parties are not aware of any related cases.

### (D) Discovery Management

The Parties do not anticipate the need for any special discovery management beyond the items addressed above.

### (E) Anticipated Discovery Sought

**Plaintiff's Statement:** Plaintiff anticipates seeking discovery of: data relating to guaranteed delivery fees, associated delivery times, and refunds for all putative class members; corporate policies and practices relating to guaranteed delivery times and refunds; the terms and conditions of Amazon's agreements with consumers; and data relating to any contractually-specified exceptions to the refund policy (e.g., acts of god, etc.); and damages.

**Defendant's Statement:**

*See supra* Section 5(B).

### (F) Phasing Motions

The Parties agree that Amazon's Motion to Dismiss, which is noted for February 13, 2024, should be adjudicated before any class certification motion.

**Plaintiffs' Statement:** Plaintiff does not believe that any other phasing of motions is necessary at this time.

**Defendant's Statement:** Amazon reserves the right to propose phasing motions—including the potential of a motion for summary judgment as to the Plaintiff's claims prior to

JOINT STATUS REPORT AND
DISCOVERY PLAN– 10
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

class certification—if the case proceeds following the Court's ruling on its pending Motion to Dismiss, *see supra* Section 5(B).

   **(G)**  **Preservation of discoverable evidence**

*See supra* Section 5(C).

   **(H)**  **Privilege Issues**

*See supra* Section 5(D).

   **(I)**  **Model Protocol for Discovery of ESI**

*See supra* Section 5(C).

   **(J)**  **Alternatives to Model Protocol**

*See supra* Section 5(C).

**7.**  **PATENT CASES**.  N/A

**8.**  **DISCOVERY COMPLETION DATE**

**Plaintiff's Statement:**  Plaintiff believes that the Court's decision on the motion for class certification and on any dispositive motions filed by the parties would significantly impact the amount and timing of discovery and therefore proposes that the Court hold a status conference in October 2024 to set a discovery cutoff, trial date, and length of trial.

**Defendant's Statement:**  *See supra* Section 5.

**9.**  **BIFURCATION**

The Parties do not currently believe that bifurcation of issues at trial is necessary.

**Plaintiff's Statement:**  Plaintiff reserves the right to seek bifurcation or other phasing of discovery should later developments in the case indicate it is appropriate.

**Defendant's Statement:**  Amazon reserves the right to seek bifurcation or other phasing of discovery following the Court's ruling on the Motion to Dismiss (Dkt. 17) as set

JOINT STATUS REPORT AND
DISCOVERY PLAN– 11
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

forth above in Section 5(B), and to seek bifurcation of issues at trial at an appropriate time before trial.

10.  **PRE-TRIAL STATEMENTS AND ORDERS**

At this time, the Parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order.

**Plaintiff's Statement:**  Plaintiff believes this can be further discussed at the requested status conference in October 2024.

**Defendant's Statement:**  Amazon reserves the right to dispense with such statements at an appropriate time before trial.

11.  **INDIVIDUALIZED TRIAL PROGRAM**

The Parties do not presently intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

12.  **SHORTENING OR SIMPLIFYING THE CASE**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

13.  **Date Ready for Trial**

**Plaintiff's Statement:**  Plaintiff believes that the Court's decision on class certification will significantly impact the length and timing of trial, and that due to the need to conduct discovery and motions practice relating to class certification, the case will not be ready for trial until at least 18 months after the filing of this Joint Status Report. Plaintiff requests that the Court hold a status conference in October 2024 to set a discovery cutoff, trial date, and length of trial, and anticipate that by that date they will have a much improved sense of discovery remaining to be completed and the scope of a potential class trial.

JOINT STATUS REPORT AND
DISCOVERY PLAN– 12
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

**Defendant's Statement:**  *See supra* Section 2.

### 14. JURY/BENCH TRIAL

**Plaintiff's Statement:**  Jury.

**Defendant's Statement:**  Plaintiff has requested a trial by jury of all matters that can be so tried. If this case proceeds, Amazon reserves its rights to challenge Plaintiff's entitlement to a jury trial for certain of his claims and remedies.

### 15. NUMBER OF TRIAL DAYS

**Plaintiff's Statement:**  Plaintiff believes the Court's decision on class certification will significantly impact the length and timing of trial and request that the Court hold a status conference in October 2024 to set a discovery cutoff, trial date, and length of trial.

**Defendant's Statement:**  The expected length of trial will depend on the resolution of any motion for class certification and/or dispositive motions, and is therefore unknown at this time.

### 16. NAMES, ADDRESSES AND TELEPHONE NUMBERS FOR ALL TRIAL COUNSEL

**Plaintiff:**

Adam J. Berger
Lindsay L. Halm
Lily Ramseyer
Schroeter Goldmark & Bender
401 Union St., Suite 3400
Seattle, WA 98101
Telephone: (206) 622-8000

Irwin B. Levin
Scott D. Gilchrist
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481

**Defendant:**

Charles C. Sipos
Ellie F. Chapman
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: (206) 359-8000

JOINT STATUS REPORT AND
DISCOVERY PLAN– 13
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

17. **TRIAL SCHEDULING CONFLICTS**

**Plaintiff's Statement:**  None known at the present time.

**Defendant's Statement:**  Amazon proposes that the Parties provide the dates on which trial counsel may have conflicts or other complications to be considered in setting a trial date at an appropriate time following the Court's rulings on Amazon's pending Motion to Dismiss (Dkt. 17) and Plaintiff's anticipated motion for class certification.

18. **SERVICE**

Amazon has been served.

19. **SCHEDULING CONFERENCE**

**Plaintiff's Statement:**  As noted above, Plaintiff requests that the Court hold a status conference in October 2024 to set a discovery cutoff and trial date and before entering a Rule 16 order.

**Defendant's Statement:** Amazon does not currently anticipate a need for a scheduling conference. Amazon proposes that, if either Party anticipates the need for a scheduling conference following resolution of the motion to dismiss, the Parties can so note that in the proposed schedule to be submitted following the Court's ruling on the pending Motion to Dismiss, as described above.

20. **CORPORATE DISCLOSURE STATEMENTS**

Amazon filed its disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1 on October 4, 2023. Dkt. 5.

21. **CERTIFICATION REGARDING RULES AND FILING PROCEDURES**

All counsel certify that they have reviewed the Civil Rules, the Local Rules, and the applicable Electronic Filing Procedures.

JOINT STATUS REPORT AND
DISCOVERY PLAN– 14
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

**22.   CERTIFICATION REGARDING STANDING ORDER**

All counsel certify that they have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

DATED this 12th day of December, 2023.

| SCHROETER GOLDMARK & BENDER | PERKINS COIE LLP |
|---|---|
| *s/ Adam J. Berger* <br> ADAM J. BERGER, BAR NO. 20714 <br> LINDSAY L. HALM, BAR NO. 37141 <br> LILY RAMSEYER, BAR NO. 57012 <br> 401 Union Street, Suite 3400 <br> Seattle, WA  98101 <br> Phone:  (206) 622-8000 <br> Fax:  (206) 682-2305 <br> Email: berger@sgb-law.com <br>        halm@sgb-law.com <br>        ramseyer@sgb-law.com | *s/ Charles C. Sipos* <br> CHARLES C. SIPOS, Bar No. 32825 <br> ELLIE F. CHAPMAN, Bar No. 55881 <br> 1201 Third Avenue, Suite 4900 <br> Seattle, Washington 98101-3099 <br> Telephone: +1.206.359.8000 <br> Facsimile: +1.206.359.9000 <br> CSipos@perkinscoie.com <br> EChapman@perkinscoie.com <br><br> Attorneys for Defendant |

COHEN & MALAD, LLP

*s/ Irwin B. Levin*
IRWIN B. LEVIN, IN. BAR No. 8786-49
SCOTT D. GILCHRIST, IN. BAR No. 16720-53
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ilevin@cohenandmalad.com
sgilchrist@cohenandmalad.com

*Counsel for Plaintiff*

JOINT STATUS REPORT AND
DISCOVERY PLAN– 15
(Case No. 2:23-CV-01529-KKE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305