UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF TONNY STOREY,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　　　Defendant(s). | CASE NO. C23-1529-KKE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Tonny Storey[1] filed this putative class action alleging several claims arising from the delayed delivery of an item he ordered from Defendant Amazon.com Services LLC ("Amazon"). Dkt. Nos. 1-2. After Amazon filed a motion to dismiss, Storey amended his complaint. Dkt. Nos. 17, 23. Amazon then filed a motion to dismiss the amended complaint in its entirety. Dkt. No. 25. The Court granted that motion, but provided leave for Storey to amend his claim for violation of Washington's Consumer Protection Act ("CPA"). Dkt. No. 36. Plaintiff subsequently amended the complaint a second time, and Amazon filed another motion to dismiss, arguing that the amendment did not cure the deficiencies in the CPA claim. Dkt. No. 44. The Court agrees with Amazon and will grant its motion to dismiss with prejudice.

---

[1] Storey died in 2024 and the Court granted his estate's motion to substitute his estate as Plaintiff. Dkt. Nos. 38, 50. This order refers to Storey's estate as Plaintiff and Storey himself as Storey.

## I. BACKGROUND[2]

Storey purchased tea for $19.99 from online retailer Amazon on March 27, 2023. Dkt. No. 39 ¶ 4.6. As a member of the Amazon Prime subscription service,[3] Storey was offered a choice between two overnight "Fastest Delivery" timeslots for an additional $2.99: either between 4 a.m. and 8 a.m., or between 7 a.m. and 11 a.m. *Id*. ¶¶ 4.7–4.8. Storey requested the earlier timeslot, between 4 a.m. and 8 a.m. *Id*. Amazon confirmed in the "Final Details" page associated with Storey's order, as well as in subsequent emails, that Storey's order would arrive between 4 a.m. and 8 a.m. on March 28, 2023. *Id*. ¶¶ 4.15–4.17. At 7:33 a.m. on March 28, 2023, Storey received an email from Amazon that his order was "on the way but running late[,]" and expected to arrive by 11 a.m. *Id*. ¶ 4.20. Storey received notice at 1:01 p.m. that his tea had been delivered, approximately five hours after the expiration of the timeslot he selected. *Id*. ¶ 4.21. That notice asked Storey to indicate whether his delivery was "great" or "not so great." *Id*.

Storey filed this putative class action in September 2023 in King County Superior Court, contending that Amazon's delayed delivery and failure to provide an automatic refund of the extra shipping fee breached the "Guaranteed Delivery Terms and Conditions" applicable to the delivery, bringing claims for breach of contract, unjust enrichment, and violation of the CPA. Dkt. No. 1-2. Amazon removed the suit to this Court in October 2023, and filed a motion to dismiss for failure to state a claim in December 2023. Dkt. Nos. 1, 17. The parties thereafter agreed to a schedule by which Storey would amend his complaint and Amazon would renew its motion to dismiss. Dkt. No. 21.

---

[2] The facts described in this section are taken from the operative complaint (Dkt. No. 39) and assumed to be true for purposes of resolving Amazon's motion to dismiss. The Court denies Amazon's request that the Court take judicial notice of illustrative screenshots not included in the operative complaint (Dkt. No. 45), given that Plaintiff objected and Amazon conceded at oral argument that they are cumulative and redundant. *See* Dkt. No. 47, Dkt. No. 56 at 15–16.

[3] For consumers who are not Amazon Prime subscribers, this delivery option would cost $9.99. Dkt. No. 39 ¶ 4.11.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

Storey filed an amended complaint in January 2024, alleging the same claims as in the original complaint, plus a claim for breach of Amazon's duty of good faith and fair dealing. Dkt. No. 23. Amazon filed a renewed motion to dismiss, contending that Storey had again failed to state a valid claim. Dkt. No. 25. The Court granted that motion, finding that Storey's contract and contract-related claims failed as a matter of law, and granted leave for Storey to amend his CPA claim. Dkt. No. 36.

Plaintiff filed a second amended complaint in July 2024 (Dkt. No. 39), and Amazon subsequently moved to dismiss. Dkt. No. 44. Amazon contends that Plaintiff's allegations fail to state a CPA claim because he: (1) fails to identify an unfair or deceptive act or practice, (2) fails to show that his injury was the result of Amazon's practices (as opposed to his own preferences), and (3) fails to plead facts suggesting that Amazon's practices affect the public interest. *Id*.

After reviewing the operative complaint, the parties' briefing and the oral argument on the motion to dismiss, and the balance of the record, the Court agrees with Amazon that Plaintiff's CPA claim fails as a matter of law for the following reasons.

## II.   ANALYSIS

### A.   Legal Standards

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 678 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (*id*.), nor do "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014).

Washington's CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" WASH. REV. CODE § 19.86.020. A CPA claim has five elements: "(1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017). If one element fails, the CPA claim as a whole fails. *See Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 635 (Wash. Ct. App. 1997) ("All elements must be present; a finding that any element is missing is fatal to [a CPA] claim.").

**B.    The Operative Complaint Does Not Allege an Unfair or Deceptive Act or Practice.**

If the parties' underlying conduct is undisputed, whether a certain act or practice is "unfair or deceptive" may be decided as a matter of law. *Greenberg v. Amazon.com, Inc.*, 553 P.3d 626, 647–49 (Wash. 2024). The CPA does not define "unfair" or "deceptive," and in enacting the CPA, Washington's "legislature intended to provide sufficient flexibility to reach unfair or deceptive conduct that inventively evades legislation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009). "Given that there is 'no limit to human inventiveness,' courts, as well as legislatures, must be able to determine whether an act or practice is unfair or deceptive to fulfill the protective purposes of the CPA." *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013) (quoting *Panag*, 204 P.3d at 895).

Washington's legislature explained that the purpose of the CPA "is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and

fraudulent acts or practices in order to protect the public and foster fair and honest competition." WASH. REV. CODE § 19.86.920. In furthering this purpose, courts are to consider "final decisions of the federal courts and final orders of the federal trade commission" when determining whether an act or practice "restrains or monopolizes trade or commerce or may substantially lessen competition[.]" *Id*.

A plaintiff can satisfy the first element of a CPA claim by showing that the act or practice in question "had the capacity to deceive a substantial portion of the public." *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 994 (Wash. 2020). The "knowing failure to reveal something of material importance is 'deceptive' within the CPA." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 18 (Wash. 2007) (cleaned up).

Plaintiff's operative complaint describes the conduct at issue in this lawsuit in the first full paragraph, as follows:

> This proposed class action is brought by Plaintiff to remedy Amazon's deceptive and unfair conduct in charging consumers additional shipping fees in exchange for the apparent promise of delivery during time windows specified and offered by Amazon and then failing to refund or credit those fees when Amazon fails to deliver during the time windows offered to and selected by customers.

Dkt. No. 39 ¶ 1.1. Plaintiff elaborates on the allegations later in the complaint, enumerating three versions of what is essentially the same challenged conduct: (1) Amazon's offer of "fastest delivery" timeslots induces customers to pay extra for shipping, but Amazon does not disclose that it may not deliver items during those timeslots and does not automatically refund or credit the fee if delivery is delayed; (2) Amazon fails to honor the promises made in the "Guaranteed Delivery Terms and Conditions" by failing to automatically "issue refunds of additional shipping fees when it fails to meet the Guaranteed Delivery dates and times[,]" and requiring a consumer to request a refund is unfair or deceptive because that requirement is not disclosed and the method of requesting a refund is confusing; and (3) Amazon fails to disclose "that delivery during the specified time

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

window is not 'guaranteed' within the meaning or for purposes of its 'Delivery Guarantees,' 'Guaranteed Delivery Terms and Conditions' or other Conditions of Use." *Id.* ¶¶ 6.4–6.14.[4]

Beginning with the second and third formulations of the allegedly deceptive act or practice, the Court finds that these allegations are inconsistent with the reasoning contained in the Court's prior order granting Amazon's motion to dismiss. There, the Court found that Storey's order did not qualify for "Guaranteed Delivery" under the terms of his contract with Amazon, and that the terms of the "Guaranteed Delivery" Help pages are clear. *See* Dkt. No. 36 at 5–8. Amazon's failure to abide by promises it did not make with respect to "Guaranteed Delivery" is not deceptive, even if Storey did not read all of the terms of his contract with Amazon before placing his order. *See, e.g.*, *Shellenberger v. AIG WarrantyGuard, Inc.*, No. C24-0657 JLR, 2024 WL 4144108, at *8 (W.D. Wash. Sep. 11, 2024) ("The case law, however, overwhelmingly supports Defendants' position that a consumer cannot plead deception under the CPA based on 'surprise' contract terms that were fully and sufficiently disclosed to her, but that she failed to read before signing on the dotted line."). Under the Court's prior ruling, Amazon's failure to comply with Guaranteed Delivery provisions is not unfair or deceptive as a matter of law.

The first alleged act requires more consideration, as it does not depend on the terms of the Guaranteed Delivery program that the Court has already ruled inapplicable here. For this practice, Plaintiff claims that consumers pay extra for delivery during a particular time window, but Amazon both fails to disclose that delivery may not occur within that window and refuses to automatically

---

[4] Because Plaintiff does not accuse Amazon of fraudulent conduct, or allege that Amazon had the knowledge and intent to deceive its customers, the Court rejects Amazon's contention (Dkt. No. 44 at 8 n.2) that Plaintiff's CPA claim must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020) ("While not all claims brought under the Washington CPA must be pled with the specificity prescribed by Rule 9(b), CPA claims that allege and depend upon a 'unified course of fraudulent conduct' as the basis of the claims 'sound in fraud,' and must be averred with particularity." (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003))).

refund or credit the extra shipping fee in the event delivery is delayed. Amazon does not generally dispute[5] that Storey's order was not delivered during the timeslot he selected, or that Amazon did not automatically refund his extra shipping fee. But because Amazon's Help pages address the possibility of late deliveries (*see* Dkt. No. 39 ¶¶ 4.27, 4.28), and Amazon did not "guarantee" Storey timely delivery by promising to automatically refund the extra shipping fee (a proposition the Court previously agreed with), Amazon argues that an act or practice of failing to automatically refund shipping fees is neither unfair nor deceptive. Dkt. No. 44 at 7–13.

Plaintiff disagrees, arguing that even if Storey's order did not qualify for "Guaranteed Delivery" as defined in the Help pages (as the Court has held), a reasonable consumer would nonetheless interpret the checkout page as Amazon's promise to deliver the order during the selected timeslot. Dkt. No. 46 at 26–27. While this may be true, whatever promises are made or suggested when an order is placed on the checkout page must be considered in conjunction with all of the terms and conditions that govern the order. As the Court explained in its earlier ruling, the parties agree that Storey's order is governed by not only the checkout page but also the Help & Customer Delivery pages, as well as Amazon's Conditions of Use. *See* Dkt. No. 36 at 3. The Help pages acknowledge that orders can arrive late or never arrive at all, and provide a process by which consumers can provide feedback to Amazon on the quality of the delivery, or contact a human or a "messaging assistant" to resolve an order-related complaint. Dkt. No. 39 ¶¶ 4.21, 4.27–4.30. Because the terms applicable to Storey's order address the complaint that Storey experienced (*i.e.*, late delivery), the Court agrees with Amazon that it adequately disclosed the possibility of delayed deliveries as well as the process by which such delay could be remedied.

---

[5] The Court finds unpersuasive Amazon's attempts (Dkt. No. 44 at 8–10, Dkt. No. 51 at 8) to characterize Storey's delivery as timely because he paid for "fastest shipping" or "overnight" shipping, rather than delivery during the timeslot he selected, given that Amazon's communications with Storey acknowledged that the delivery was delayed. *See, e.g.*, Dkt. No. 39 ¶¶ 4.20, 4.22.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

Plaintiff argues that this conclusion means that "payment of the extra shipping fee gains the consumer absolutely nothing, contrary to what a reasonable consumer would believe[, because it] would not matter if Amazon did not deliver overnight, a day late, or a week late." Dkt. No. 46 at 19. The Court disagrees. It does matter when Amazon delivers, as Amazon acknowledged that Storey's order was delayed and would be arriving outside the selected delivery window. Dkt. No. 39 ¶¶ 4.20, 4.22. If, as Plaintiff contends, the delivery window has no import, then Amazon would not have described the delivery as "delayed." Furthermore, it is undisputed that Storey could have requested a refund of the shipping fee based on that delay, and chose not to. *See* Dkt. No. 46 at 28, Dkt. No. 51 at 12.

Finally, the lack of an automatic refund does not make the late delivery an unfair or deceptive practice under the CPA. Plaintiff asserts that a reasonable consumer "would believe that Amazon will refund or credit the fee" automatically upon a late delivery if the consumer paid an extra fee for expedited delivery (Dkt. No. 39 ¶ 6.11), and that it is deceptive for Amazon to fail to disclose that a consumer must request a refund. Dkt. No. 46 at 25 (citing *Schuster v. Harbor*, 471 F. Supp. 3d 411, 424–25 (D. Mass. 2020) (finding plaintiff had stated a claim for unfair practices where a casino did not inform consumers how to redeem the balance of cashout tickets from slot machines). But Plaintiff cited no authority that supports the proposition that disclosing and providing a method by which a consumer can request a refund (as Amazon did here) does not sufficiently disclose that a refund request is a prerequisite to a refund. The Court is aware of authority suggesting that requiring a consumer to request a refund is not unfair. *See, e.g.*, *Shields v. Fred Meyer Stores Inc.*, 741 F. Supp. 3d 915, 930–31 (W.D. Wash. 2024) (dismissing a CPA claim based on alleged unfairness in a gas station's failing to automatically reimburse a consumer for unpumped gasoline for which he prepaid, because any injury caused by the unfair practice is reasonably avoidable because the consumer could request a refund).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8

In summary, because the terms governing Storey's order contemplate his situation (delayed delivery) and provide a method by which he could remedy that situation (a refund request), the Court finds that Storey's complaint fails to describe his consumer experience as resulting from an unfair or deceptive act or practice of Amazon.

In reaching that conclusion, the Court focuses on Storey's transaction as alleged in the operative complaint, and rejects Plaintiff's invitation to assume the truth of facts not alleged there. Specifically, Plaintiff suggests (Dkt. No. 46 at 24, 28) that the Court must assume that "Storey would not have received any relief even if he had asked for a refund" as a logical extension of Plaintiff's allegation that "Amazon does not refund or credit the additional shipping fees paid by consumers when it fails to deliver orders within the delivery windows offered by Amazon and selected by customers during checkout." *See, e.g.*, Dkt. No. 39 ¶ 4.24. The Court has no obligation, however, to accept as true an "unwarranted inference" arising from a complaint, for purposes of resolving a motion to dismiss. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Here, it is undisputed that Storey himself did not request a refund, and Storey would have to resort to speculation to allege what Amazon would have done when faced with a refund request that he did not make. The Court declines to draw such inferences here. *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 765 (9th Cir. 2018) (finding that a speculative, conclusory assertion in a complaint "stops short of the line between possibility and plausibility of entitlement to relief" (quoting *Twombly*, 550 U.S. at 557)).

Moreover, even if the Court were willing to make such an inference, the claim would nonetheless fail for lack of causation: because Storey did not request a refund, his injury could not be linked to Amazon's alleged act or practice of refusing to provide refunds for late deliveries upon request. *See Indoor Billboard*, 170 P.3d at 22 (explaining that to prove the causation element

of a CPA claim, a "plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury").

Because the operative complaint does not allege that Amazon has engaged in an unfair or deceptive act or practice with respect to Storey's order, Plaintiff has failed to state a valid CPA claim.[6] As Plaintiff has had multiple opportunities to plead a valid CPA claim and has not done so to date, the Court declines to provide leave to amend the complaint another time. *See, e.g., Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 896–97 (N.D. Cal. 2015) (finding that where the court had previously granted a motion to dismiss with leave to amend, and the amended complaint failed to cure the deficiencies, another opportunity to amend would cause undue delay, undue prejudice to defendant, and would be futile).

### III.  CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's motion. Dkt. No. 44. Plaintiff's complaint is dismissed with prejudice.

Dated this 21st day of March, 2025.

Kymberly K. Evanson
United States District Judge

---

[6] The Court declines to address further Amazon's arguments regarding the public interest or causation elements. *See* Dkt. No. 44 at 17–19.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 10